UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUD STEPHENS

    Plaintiff,

v.                               CASE No. 8:12-CV-302-T-17TGW

MANATEE COUNTY, etc.

    Defendant.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff's complaint is a shotgun pleading which does not comply with Rule 8, F.R.Civ.P., or give fair notice to the defendants of the grounds underlying each of the claims. I therefore recommend that the complaint be dismissed, without prejudice, to the plaintiff being given an opportunity to file an amended complaint which complies with the Federal Rules of Civil Procedure.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. The plaintiff asserts that he is unemployed and has no savings and, therefore, he is financially unable to pay the filing fee (Doc. 2). However, even if the plaintiff proves indigency, the case shall be dismissed if it cannot be discerned whether the action states a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(I), (ii); 1915A.

The plaintiff's complaint is rambling, disjointed document which alleges five claims for constitutional rights violations (Doc. 1). For each count of the complaint, the plaintiff realleges all "prior and subsequent paragraphs," making it impossible to determine which factual allegations correspond with each claim (see Doc. 1, pp. 9-12).

This complaint is therefore undoubtedly a "shotgun complaint." A "shotgun" pleading "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense," Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir.2006), thereby making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir.1996). Further, shotgun complaints violate Rule 8 of the Federal Rules of Civil Procedure, which provides that pleadings

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1).

Consequently, this Circuit routinely condemns "shotgun" pleadings. Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 979 & n. 54 (11th Cir.2008). Courts have dismissed complaints on this ground, although the plaintiff should be given an opportunity to amend the complaint before dismissal with prejudice. See, e.g., Carvel v. Godley, 404 Fed. Appx. 359 (11th Cir. 2010); Lampkin-Asam v. Volusia County School Bd., 261 Fed. Appx. 274, 277 (11th Cir. 2008).

The fact that the plaintiff has another lawsuit pending in this court based on similar facts (8:10-CV-2787-T-27AEP) compounds the problematic nature of this shotgun complaint. Thus, it is imperative that the plaintiff state the facts of his claims clearly and concisely, in accordance with Rule 8, F.R.Civ.P., in order to avoid duplicative claims.

For these reasons, the plaintiff's complaint is deficient, but it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss

an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F. R. Civ. P.). I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within 30 days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
FEBRUARY 27, 2012     UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).