UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUD STEPHENS,

    Plaintiff,

vs.                                                    Case No. 8:12-cv-00302-EAK-TGW

GARRY DYE and
MANATEE COUNTY, a political
Subdivision of the State of Florida,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is Manatee County's Motion to Dismiss Plaintiff's Fifth Amended Complaint. (Dkt. 22). Stud Stephens, proceeding *pro se*, has responded in opposition. (Dkt. 23). Upon consideration, the motion is GRANTED with leave for Plaintiff to amend.

**BACKGROUND**

On February 12, 2012, the Plaintiff, Stud Stephens ("Stephens"), filed suit against Manatee County ("the County"). (Dkt. 1). On March 20, 2012, the Court dismissed the complaint as an unacceptable shotgun pleading noting that it was "rambling and disjointed." (Dkt. 6). Stephens was ordered to create a more plain and coherent complaint, one that complies with the requirements of Rule 8. (Dkt. 6).

On March 26, 2012, Stephens filed an amended complaint, which alleged similar facts to those set forth in his initial complaint. (Dkt. 7). On April 9, 2012, the Court denied Stephens' Application to Proceed *In Forma Pauperis* because Stephens ignored the Court's directive to amend his shotgun complaint to comply with the Federal Rules of Civil Procedure. (Dkt. 9).

Soon thereafter, Stephens filed a motion to amend the amended complaint, and accordingly, the third amended complaint was filed on June 4, 2012 (Dkt. 12). After the County filed a motion to dismiss the third amended complaint (Dkt. 14), Stephens filed a fourth and fifth amended complaint on July 17, 2012. (Dkt. 19, 20).

The Defendant moves to dismiss the complaint on three grounds: First, Stephens' Fifth Amended Complaint fails to state a claim upon which relief can be granted; second, the complaint is an impermissible "shotgun" pleading; and third, that Stephens failed to comply with a previous order issued by this Court.

## STANDARD OF REVIEW

The Supreme Court made clear that the Federal Rule of Civil Procedure 8 requires more than bare legal conclusions in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The allegations of a complaint must "state a claim to relief that is *plausible* on its face." *Twombly*, 550 U.S. at 570 (emphasis added). If a Plaintiff fails to allege sufficient facts to support a claim, that claim must be dismissed. *See Id.*

Rule 41(b), Fed. R. Civ. P., allows a defendant to move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd., v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Although we liberally construe pleadings filed by *pro se* parties, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), this "does not give a court license to serve as *de facto* counsel

for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), overruled on other grounds, *see Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Rule 8 of the Federal Rule of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). With this in mind, we have routinely condemned "shotgun" pleadings. *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n. 54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

## DISCUSSION

Stephens' complaint is a perfect example of a "shotgun" pleading, in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Stephens is not expected to frame a responsive pleading. The Fifth Amended Complaint suffers from the major shortcomings of its predecessors. The writing remains disjointed, repetitive, disorganized and barely comprehensible. Despite the alterations, this remains an unacceptable "shotgun" pleading. *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 10 (11th Cir. 2002). The Court cannot unravel this document, and the Defendants should not be required to respond to it.

Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

If he so desires, Stephens will be provided one final chance to draft an amended complaint that satisfies the requirements of the Federal Rules of Civil Procedure. Stephens may file a sixth amended complaint not more than twenty (20) days from the entry of this order. The Court warns the Plaintiff that if another complaint is dismissed, the next dismissal will be without leave to amend. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Fifth Amended Complaint be **GRANTED** with leave for Plaintiff to amend. The Plaintiff shall file the amended complaint within twenty (20) days.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 14th day of November, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record